THE STATE EX REL. MAY COMPANY DEPARTMENT STORES, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. May Co. Dept. Stores v.
Indus. Comm.* (1995), 73 Ohio St.3d 545.]

(No. 94–578—Submitted June 21, 1995—Decided August 30, 1995.)

*Buckingham, Doolittle & Burroughs* and *George H. Rosin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Janie D. Roberts,* Assistant Attorney General, for appellee Industrial Commission.

*Robert E. Sweeney Co., L.P.A.,* and *John L. Goodman,* for appellee Wingenfeld.

*Per Curiam.* Conspicuously absent from the list of evidence which, according to the commission's order, was considered by it are: (1) the deposition transcript

of Dr. McCloud, (2) the investigative summary with videotapes, (3) Dr. Kovach's report, and (4) the Wolfe vocational report. In *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 329, 631 N.E.2d 1057, 1059, we held that where, as here, evidence was omitted from the order's "evidence considered" list, the omission " * * * leads to only one conclusion—the commission either inadvertently or intentionally ignored that evidence. Because these reports could be the key to the success or failure of claimant's application, the cause must be returned to the commission for further consideration."

This ignored evidence is crucial for several reasons. First, there is medical evidence that claimant may be exaggerating her symptoms. There are also two years of surveillance which show that claimant participates in a very active life style with no outward problems. There is also evidence that suggests that claimant's absence from the work force is motivated by family concerns, not her injury. All this evidence is inconsistent with claimant's allegation of pain so incapacitating that she is unable to perform even sedentary work.

Second, Dr. McCloud's deposition suggests a repudiation of his earlier opinion that claimant was incapable of *all* work. *State ex rel. Walters v. Indus. Comm.* (1985), 20 Ohio St.3d 71, 20 OBR 402, 486 N.E.2d 94, held that a medical opinion which was later repudiated or equivocated upon in a later deposition was not "some evidence" supporting a commission decision.

Accordingly, the judgment of the court of appeals is reversed, and the cause is returned to the commission for further consideration and amended order.

*Judgment reversed.*

MOYER, C.J., WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I would uphold the decision of the Industrial Commission and I would affirm the judgment of the court of appeals. This case is nothing more than a "some evidence" case and when the commission finds some evidence to grant (or deny) compensation to a claimant, then the case, as far as the courts are concerned, is over. Today's decision, I believe, changes that rule.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.